# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In the Matter of the Complaint of Steven Sommer, Owner of the Motor Vessel "SOMMER WINE" f/k/a "RAGAMA" for Exoneration From, or Limitation of, Liability.

File No. 20-cv-2499 (ECT/BRT)

**OPINION AND ORDER**

Shari L. Friedman & William Phillip Ryan, Marwedel, Minichello & Reeb, P.C., Chicago, IL; Mark G. Pryor, Brown & Carlson, P.A., Minneapolis, MN, for Plaintiff Steven Sommer.

Eric J. Magnuson, Mark A. Hallberg, Philip L. Sieff, Robins Kaplan LLP, Minneapolis, MN; Vince C. Reuter, Eckland & Blando LLP, Minneapolis, MN, for Claimant Michelle Bishop.

Plaintiff Steven Sommer brought this action under the Limitation of Liability Act, *see* 46 U.S.C. § 30511, seeking to avoid or limit the potential liability he faces for a deadly incident involving a vessel that he owns. Compl. [ECF No. 1]. A previous order, among other things, required all persons with claims relating to the incident to file those claims in this proceeding by February 22, 2021. ECF No. 14 at 8. Only one claimant filed a claim. ECF No. 19. Sommer now seeks an order and judgment of default against all potential claimants who did not file a timely a claim. ECF No. 28. His motion will be granted.

According to the complaint in this case, Sommer owns a 40-foot Pacemaker cruiser named "SOMMER WINE" and formerly known as "RAGAMA." Compl. at 1–2 ¶ 4. After an outing on the Mississippi River on August 7, 2019, the vessel was docked at the Twin City Marina in Inver Grove Heights, Minnesota. *Id.* ¶¶ 6–7. At some point, a passenger

named Richard Bishop, Jr., "fell or jumped into the Mississippi River" from the vessel and died. *Id.* ¶¶ 7–8. A little over a year later, Sommer received a letter from an attorney representing Richard's widow, Michelle. *Id.* ¶ 11. The letter advised Sommer that Michelle "ha[d] a potential claim" against him related to Richard's death. *Id.*

These events led Sommer to file this action under the Limitation of Liability Act, which limits a shipowner's liability for certain damages claims to "the value of the vessel and pending freight." 46 U.S.C. § 30505(a). Sommer claims that he cannot be held liable for Richard's death at all and, in the alternative, that any liability should be limited to the value of the SOMMER WINE. *Id.* ¶¶ 12–17.

A prior order—entered on December 14, 2020—enjoined the further prosecution of any proceedings against Sommer related to the August 2019 incident and directed Sommer to publish a notice that this action was pending. ECF No. 14 at 7–8; *see* Fed. R. Civ. P. Supp. R. F(3)–(4). The notice described the nature of the action and admonished anyone with a claim related to the August 2019 incident to file that claim in this proceeding on or before February 22, 2021. ECF No. 14-1; *see* Fed. R. Civ. P. Supp. R. F(4). It was published in the *St. Paul Pioneer Press* once a week for four consecutive weeks, beginning on December 27, 2020, and ending on January 17, 2021. ECF No. 18. Sommer also mailed copies of the notice directly to Michelle Bishop, her attorney, and Richard Bishop's estate. ECF No. 17.

On February 18, 2021, Michelle Bishop, as trustee for the next of kin of Richard Bishop, filed an answer and claim in response to Sommer's complaint. ECF No. 19. To date, no other claims have been filed.

Federal Rule of Civil Procedure 55 authorizes the entry of default and default judgment against a party who "has failed to plead or otherwise defend[.]"  Although "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)[,]" there appears to be no rule against a court directing the clerk to enter default.  *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see In re Archer Daniels Midland Co.*, No. 18-cv-1131 (WMW/SER), 2019 WL 4917126, at *2 (D. Minn. Oct. 4, 2019);  10A Mary K. Kane, *Federal Practice and Procedure* § 2682 (4th ed. Oct. 2020 Update).   In actions under the Limitation of Liability Act, "[d]efault judgment in the shipowner's favor against all properly noticed potential claimants who have not timely filed a claim is the appropriate remedy once the time for filing claims specified in the notice has expired."  *Archer Daniels Midland Co.*, 2019 WL 4917126, at *1 (citing *In re Am. River Transp. Co.*, 800 F.3d 428, 441 (8th Cir. 2015) (Riley, J., concurring)); *see* 2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 15:6 (6th ed. Nov. 2020 Update).  Courts in such cases typically grant default judgment as a matter of course upon a showing that the plaintiff has satisfied the notice requirements of Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which governs actions under the Act.  *See, e.g.*, *In re Duley*, No. 8:16-cv-00135-JLS-DFM, 2017 WL 8180609, at *1–2 (C.D. Cal. July 11, 2017).

The record shows that Sommer has complied with Rule F.  After his initial filings were reviewed and approved, ECF No. 14, Sommer published a notice of this action in the *St. Paul Pioneer Press* "once a week for four successive weeks prior to the date fixed for the filing of [potential claimants'] claims."  Fed. R. Civ. P. Supp. R. F(4); *see* ECF No. 18.

3

That date—February 22, 2021—was "not . . . less than 30 days after issuance of the notice." Fed. R. Civ. P. Supp. R. F(4).  Sommer also mailed a copy of the notice "to the decedent at the decedent's last known address" and to Michelle Bishop—the only person "known to have made any claim on account of [the decedent's] death."  *Id.*; *see* ECF No. 17.  The time to file claims has now expired.  Entry of default, followed by default judgment, is therefore appropriate as to all potential claimants who have not filed a timely claim.  *See Archer Daniels Midland Co.*, 2019 WL 4917126, at *1–2.

Though this default judgment adjudicates some but not all of the claims in this case—Michelle Bishop's claim as trustee for the next of kin of Richard Bishop remains pending—judgment will be entered on the defaulted claims pursuant to Federal Rule of Civil Procedure 54(b).  There is no question the default judgment is final with respect to these claims "in the sense that it is an ultimate disposition of" the claims.  *Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016) (citation omitted).  And "the equities of the situation and judicial administrative interests[]" favor the entry of judgment.  *Id.* (citation omitted).  If no other claimant has appeared by now, it seems very unlikely that any other claimant will ever appear.  The complaint and pleadings do not allege any facts suggesting the possible existence of other claimants.  The Rule 54(b) entry of judgment against the defaulted claims adds an additional layer of finality to those claims, clearing the deck for the parties to focus their efforts exclusively on their interests.  *See Duley*, 2017 WL 8180609, at *2 (explaining that the entry of judgment under Rule 54(b) in a similar case would "facilitate the apportionment of whatever funds are available for the claimants"); *see also In re Malikalalou, Inc.*, No. 3:20-cv-01693-H-MSB, 2021 WL

254234, at *2 (S.D. Cal. Jan. 26, 2021).  This is especially true given the parties' separate agreement to stay this case so that Michelle Bishop may pursue her claims in her preferred forum.  ECF Nos. 30, 31.  And there seems to be no realistic possibility that a Rule 54(b) entry of judgment against the defaulted claims would risk judicial-administrative inefficiencies, such as multiple appeals, or that events in this case might call the entry of a default judgment into question.  *See Downing*, 810 F.3d at 586.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.  Plaintiff's [Corrected] Motion for Entry of Default and Judgment by Default as to All Non-Filing Potential Claimants [ECF No. 28] is **GRANTED**.

2.  The Clerk of Court is directed to **ENTER DEFAULT**, Fed. R. Civ. P. 55(a), against all persons or entities who did not file timely claims.

3.  Default judgment shall be entered against all persons or entities having claims against Plaintiff Steven Sommer with respect to the August 7, 2019 incident described in the Complaint [ECF No. 1] who failed to timely file an answer or claim as ordered by the Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  April 9, 2021                              s/ Eric C. Tostrud
                                                  Eric C. Tostrud
                                                  United States District Court